

FILED
MAR 28 2024
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

## AFFIDAVIT IN SUPPORT OF APPLICATION FOR CRIMINAL COMPLAINT

Your Affiant, Homeland Security Investigations (HSI) Task Force Officer (TFO) Phillip Valdes Jr., Hampton, Virginia, being duly sworn, states the following:

1. This Affiant, Task Force Officer P. Valdes, has been employed with the Newport News Police Department since June 2018. During his employment, he has received training through the Basic Law Enforcement Academy with reference to basic narcotics investigations. This training included identifying narcotics, gaining knowledge of values and various street names for narcotics, the effects of narcotics on the user, packaging and distribution of narcotics, and various techniques often used by individuals involved in the drug trade to avoid apprehension by the police. During this time as a police officer this Affiant has served in various capacities and assignments to include Patrol, High Impact Patrol, Narcotics Detective, Task Force Officer, and Tactical Operations Unit/SWAT.

2. This Affiant is currently assigned as a Task Force Officer with Homeland Security Investigations (HSI) and assigned to the Hampton Roads Peninsula Drug Initiative (HRPDI) and Washington/Baltimore High Intensity Drug Trafficking Area (HIDTA) Task Force. Throughout his time as a law enforcement officer, this Affiant has executed approximately one hundred drug and firearm arrests. This Affiant has participated in approximately one hundred and fifty drug and firearm investigations. This Affiant has interviewed and assisted in interviewing subjects involved in the use, concealment, and sale of illegal narcotics. These included investigations into violations of the Virginia Drug Control Act. Your Affiant also investigated violations of United States Code (U.S.C.) as it related to distribution of controlled substances, conspiracy to distribute controlled substances, and

importation of controlled substances.

3. This Affiant has also obtained, served, and assisted in numerous search warrants in support of narcotics investigations, and has obtained cellular device search warrants in support of narcotics investigations since becoming a law enforcement officer. The statements in this affidavit are based on this Affiant's training and experience as a Police Officer, Detective, and Task Force Officer, to include but not limited to; debriefs of narcotics users and dealers, interviews of witnesses, and surveillance of the narcotic enterprise.

4. The facts and information contained in this affidavit are based upon your Affiant's training, knowledge, experience, discussions, and observations with other law enforcement officers. All observations not personally made by your Affiant were relayed by the individuals who made them or were conveyed by your Affiant's review of records, documents, and other physical evidence obtained during the course of this investigation.  This affidavit contains information necessary to support probable cause and is not intended to include every fact and matter observed by your Affiant or known to the Government.

5. Your Affiant makes this affidavit in support of a criminal complaint charging **TIMOTHY JOSEPH SULLIVAN** with Possession with Intent to Distribute a Controlled Substance, Cocaine, in violation of 21 U.S.C. § 841(a)(1), and Use of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c).

## PROBABLE CAUSE IN SUPPORT OF CRIMINAL COMPLAINT

6. Beginning in or around August 2023, a cooperating source (hereinafter referred to as CS) provided information that they observed an unknown Hispanic male bring a large quantity of marijuana in vacuum sealed bags and heroin in vacuum sealed bags to a residence in Hampton, Virginia. CS observed this Hispanic male distributing the marijuana and heroin to

a tenant of the residence. Members of the investigative team ultimately identified the unknown Hispanic male as **TIMOTHY JOSEPH SULLIVAN** (hereinafter referred to as "**SULLIVAN**").

7. In or around October 2023, the CS provided information that **SULLIVAN** was distributing narcotics from, and residing at the residence of *08 Smith Street, Hampton, VA, 23661.

8. In or around November 2023, the CS conducted a controlled purchase of cocaine from **SULLIVAN** at *08 Smith Street, Hampton, VA, 23661. During this transaction the CS observed approximately three firearms in the residence.

9. In or around January 2024, the CS conducted another controlled purchase of cocaine from **SULLIVAN** at *08 Smith Street, Hampton, VA, 23661.

10. Throughout the course of this investigation, members of the investigative team conducted both physical and electronic surveillance of the residence of *08 Smith Street, Hampton, VA, 23661. During these instances of surveillance, members of the investigative team observed multiple instances of individuals coming to the residence, going inside, and staying for a brief period of time before leaving the residence. On some of these occasions, members of the investigative team observed **SULLIVAN** go into the residence with these other individuals. Based on your Affiant's training and experience, these quick visits appeared to be indicative of narcotics transactions.

11. One of these occasions included on or about January 24, 2024. On this date members of the investigative team conducted physical and electronic surveillance on **SULLIVAN** and the residence of *08 Smith Street, Hampton, VA, 23661. During this period of surveillance **SULLIVAN** was observed departing the residence and returning to the residence of *08 Smith Street, Hampton, VA, 23661. On at least one occasion **SULLIVAN** returned to the

residence and met an unknown male in which both parties went inside the residence of *08 Smith Street, Hampton, VA, 23661. This meeting was brief in nature and indicative of a narcotics transaction.

12. On or about February 3, 2024, at approximately 0305 hours, **SULLIVAN** was stopped by Virginia State Police in the area of I-664 North, Suffolk, VA, while driving a light-colored Mercedes displaying Oregon license plates "312mhe". **SULLIVAN** was found to have outstanding full extradition warrants from the state of Georgia and was ultimately taken into custody. During the traffic stop, a narcotics canine was utilized to conduct a free air sniff around the vehicle. The canine alerted to the presence of the odor of narcotics, and the vehicle was searched. A search of the vehicle **SULLIVAN** was operating yielded the recovery of approximately 190 grams of suspected marijuana.

13. Prior to the traffic stop occurring, your Affiant had obtained a search warrant for the residence of *08 Smith Street, Hampton, VA 23661. This search warrant was executed shortly after the traffic stop, at approximately 0441 hours.

14. As a result of the search warrant on *08 Smith Street, Hampton, VA, 23661, members of the investigative team recovered approximately 500 grams of cocaine, 700 grams of suspected marijuana, various pills, packaging materials, digital scales, a Glock 23 handgun s/n "BWEK039", a Glock 20 handgun s/n "BURY820", a Kel-tec AR pistol s/n "PDA-82", ammunition, and various firearms components. The cocaine recovered was field tested and returned as positive for cocaine.

15. A criminal history check of **SULLIVAN** revealed he is a convicted felon for the following;

    a. On May 3, 2010, **SULLIVAN** was convicted of Aggravated Assault, Possession of Firearm/Knife in commission of a Felony, and Armed Robbery in Fulton County,

   Georgia.

   b. On August 6, 2010, **SULLIVAN** was convicted of 18 USC 2113 Bank Robbery and 18 USC 1951 Hobbs Act Conspiracy.

   c. On November 8, 2010, **SULLIVAN** was convicted of 18 USC Interference with Commerce by Threats of Violence and 18 USC 2113 Armed Bank Robbery.

16. WHEREFORE, based upon the above information, your Affiant believes probable cause exists to charge **TIMOTHY JOSEPH SULLIVAN** with Possession with the Intent to Distribute Cocaine, a Schedule II Narcotic Controlled Substance, in violation of 21 U.S.C. § 841(a)(1), and 18 U.S.C. § 924(c) Use of a Firearm in Furtherance of a Drug Trafficking Crime.

   FURTHER YOUR AFFIANT SAYETH NOT

   _____
   Task Force Officer P. Valdes
   Homeland Security Investigations (HSI)
   Hampton Roads Peninsula Drug Initiative (HRPDI)
   Washington/Baltimore High Intensity Drug Trafficking Area (HIDTA)

Read and Approved:
_____
Devon Heath
Assistant United States Attorney


Sworn and subscribed to before me
On this 28th day of March 2024

_____
Douglas E. Miller
United States Magistrate Judge
Norfolk, Virginia

5